THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WORRELL<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EQUINOX HOLDINGS, INC. d/b/a EQUINOX FITNESS CLUBS, EQUINOX FITNESS BEVERLY HILLS, INC. and DOES 1 TO 10, inclusive,<br><br>　　　　Defendant. | **CASE NO.: CV 10-9480 PSG (JCx)**<br><br>**DISCOVERY MATTER**<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT]<br><br>Complaint filed:　November 3, 2010<br>Trial Date:　　　March 13, 2012 |

　　　The Court having considered the Stipulated Protective Order; and good cause appearing:

　　　IT IS HEREBY ORDERED THAT:

　　　WHEREAS Initial Disclosures implicate, and the Parties have and will in the future serve discovery seeking the production of, documents and information that they consider to be confidential, sensitive, proprietary business information including but not limited to Defendant's production of employee handbooks, job descriptions, policies and procedures applicable to Plaintiff, and other proprietary business information and trade secrets not otherwise available to such other parties or the public generally;

　　　WHEREAS the Parties maintain that discovery and pre-trial activities in the above-captioned action may entail the disclosure of business, financial and other information

1  that is confidential, proprietary, commercially sensitive and/or a trade secret as defined
2  by California Civil Code §3426.1 and the Restatement Torts, Section 757, including but
3  not limited to proprietary operational materials unique to Defendant;
4       WHEREAS the Parties have agreed to enter into a confidentiality agreement and
5  protective order on the terms herein;
6       THEREFORE, in light of the foregoing, the Parties hereby stipulate as follows:
7  **A.   DEFINITIONS**
8       1.   "ACTION" shall mean the above-captioned action and any appeal(s) of that
9  action.
10      2.   "PARTIES" shall mean all parties of record in the ACTION, including all
11 counsel of record, their employees, contractors, representatives, and agents.
12      3.   "DOCUMENT(S)" shall mean any document or electronically stored
13 information -- including writings, drawings, graphs, charts, photographs, sound
14 recordings, images, and other data or data compilations stored in any medium from which
15 information can be obtained either directly or after translation into a usable form -- as
16 defined by Federal Rule of Civil Procedure 34(a)(1)(A).
17      4.   "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS
18 produced in the course of the ACTION that have not been made public and which
19 concern or relate to proprietary operational materials unique to Defendant.
20 **B.   PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL
        MATERIAL**
21
22      5.   CONFIDENTIAL MATERIAL shall be so designated by stamping copies of
23 the document produced to a party with the legend "CONFIDENTIAL." Stamping the
24 legend "CONFIDENTIAL" on the cover of any multipage document shall designate all
25 pages of the document as confidential, unless otherwise indicated by the producing party.
26      6.   Testimony taken at a deposition may be designated as confidential by
27 making a statement to that effect on the record at the deposition or other ACTION and
28 notifying the court reporter, if applicable, to separately transcribe the portion of the

testimony or argument during which CONFIDENTIAL MATERIAL is discussed. Such portion of the deposition or hearing transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 5, above. The transcript shall then be maintained by the witness, the court and/or counsel in accordance with the provisions of this Order.

7. CONFIDENTIAL MATERIAL shall be protected by the PARTIES and may only be used in a manner that is consistent with this Order, and only as necessary for the purpose of the prosecution, defense, or settlement of this ACTION and for no other purpose. CONFIDENTIAL MATERIAL shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose its own CONFIDENTIAL MATERIAL.

8. No party may disclose or produce any material deemed CONFIDENTIAL MATERIAL without adhering to the disclosure restrictions set forth in this agreement.

9. CONFIDENTIAL MATERIAL produced under this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this ACTION;

   b) experts or consultants retained by the PARTIES in this ACTION;

   c) court reporters employed in this action;

   d) witnesses testifying during any aspect of the ACTION or designated by the PARTIES in this ACTION; and

   e) any other person as to whom both PARTIES agree in writing.

10. With the exception of the PARTIES to whom this Order applies and Court personnel, CONFIDENTIAL MATERIAL shall not be disclosed to any person or entity unless that person or entity first agrees to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in

the ACTION.  The disclosing party shall retain the executed nondisclosure agreement, and shall provide a copy to the PARTIES within seven days after the agreement is signed.

11. The PARTIES may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY," in the manner described in Paragraphs 5 and 6 above.  Such material shall be disclosed only to the Court, to counsel for the PARTIES (including the paralegal, clerical, and secretarial staff), and to the "qualified persons" listed in Paragraph 9(b) through (e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered.

12. A party seeking to file confidential information must comply with the procedures in Local Rule 79-5 and seek the appropriate order before doing so.

13. CONFIDENTIAL MATERIAL submitted for filing under seal shall be labeled with a cover sheet bearing the case name and number, along with the following statement: "This document is subject to a protective order in this case and shall not be copied or examined except in compliance with that order."  Documents so-labeled which the Court authorizes to be filed under seal shall be kept under seal by the court clerk.

14. All persons and entities having access to CONFIDENTIAL MATERIAL shall not make copies of the CONFIDENTIAL MATERIAL except as necessary for the ACTION, and they shall maintain control of any such copies in compliance with this Order.

15. All CONFIDENTIAL MATERIAL shall be maintained with adequate security to ensure compliance with this Order.  The PARTIES shall maintain a record of the persons and entities granted access to CONFIDENTIAL MATERIAL.

16. Each person or entity having access to CONFIDENTIAL MATERIAL shall not disclose or discuss the content of the CONFIDENTIAL MATERIAL except as provided in this Order.

17. Nothing in this Order shall affect the admissibility of CONFIDENTIAL MATERIAL for any use in this ACTION, including during trial.

18.     If, at any time, one of the PARTIES disagrees with or challenges the grounds or basis for the designation of any document or information as CONFIDENTIAL MATERIAL or CONFIDENTIAL--ATTORNEY'S EYES ONLY, that PARTY shall nevertheless treat and protect such designated documents or information in accordance with this Order until and unless all PARTIES have agreed in writing, or an order of the Court through procedures outlined in with Rule 26 (c) and applicable Local Rules of the Central District, has been entered and becomes enforceable, which provides that such challenged CONFIDENTIAL MATERIAL or CONFIDENTIAL--ATTORNEY'S EYES ONLY may be used or disclosed in a manner different from that specified in this Order. Nothing in this Order shall be deemed to preclude the parties from seeking permission of the Court to release information designated as Confidential Material. Nothing in this Order alters the burdens of discovery under the law for withholding or having access to Confidential Material.

19.     If a dispute arises regarding a Party's designation of documents or information as Confidential Material ("Designating Party"), and a Party's counsel believes, in good faith, that a document or information produced or disclosed which has been designated as Confidential Material under the Order is not Confidential Material, counsel shall send counsel for the Designating Party a written request specifically identifying the information or document (by Bates-number), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order ("Requesting Party"). Within ten (10) business days of receipt of such a written request, counsel for the parties shall meet and confer and prepare a Joint Stipulation, to the extent the dispute remains unresolved, consistent with Rule 26 (c) of the Federal Rules of Civil Procedure and Local Rule 37-1 through 37-4.  It shall be the Designating Party's burden to file the Joint Stipulation. The Designating Party shall cooperate with the Requesting Party in filing the Joint Stipulation in a timely manner and in accordance with the Local Rules of Central District.

20. Nothing in this Stipulation and Order shall be construed as a waiver of any party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the parties to produce any documents or to supply any information. Additionally, none of the provisions of this Stipulation and Order are intended to abrogate the right of either Party to file, or preclude the Court's jurisdiction to rule upon, any Motions to Compel production of records, regardless of the designation of any document or information as CONFIDENTIAL MATERIAL or CONFIDENTIAL--ATTORNEY'S EYES ONLY. Nothing in this order shall be construed to affect any current discovery deadlines.

21. In the event any person or PARTY in the ACTION receives a court order, process or subpoena seeking the disclosure of CONFIDENTIAL MATERIAL, such person or PARTY shall promptly notify each of the PARTIES through their attorneys of record, shall furnish each of the PARTIES through their attorneys of record with a copy of the court order, process or subpoena, and shall not interfere with respect to any procedure sought to be pursued by any PARTY whose interests may be affected by such disclosure.  The PARTY asserting that documents or information subject to the court order, process or subpoena constitute CONFIDENTIAL MATERIAL shall have the burden of defending against such court order, process or subpoena.  The PARTY receiving the court order, process, or subpoena shall, once sufficient notice to all other PARTIES has been given and the PARTIES have had a reasonable opportunity to object (but in no case less than ten (10) days after notice), be entitled to comply with it except to the extent a PARTY has filed for or succeeded in obtaining an order modifying or quashing the court order, process, or subpoena.

**C.  DISPOSITION OF CONFIDENTIAL MATERIAL UPON TERMINATION OF THE ACTION**

22. At the conclusion of the ACTION (including appeal), all such CONFIDENTIAL MATERIAL, other than CONFIDENTIAL MATERIAL in the possession of the Court/Court personnel, shall be returned to the PARTY who produced it

within fifteen (15) days of the final District Court or Court of Appeal dispositive order. No PARTY, expert, consultant or any other person or entity to whom such CONFIDENTIAL MATERIAL was produced shall retain any copies or any such CONFIDENTIAL MATERIAL, except that counsel for each PARTY may maintain one copy of all documents containing CONFIDENTIAL MATERIAL for the purpose of maintaining complete and accurate files of the ACTION.

23. This Order shall survive the final termination of this ACTION, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public.

D. **MISCELLANEOUS PROVISIONS**

24. The terms and conditions of this Order are without prejudice to the right of any party:

    a) to object to a discovery request;

    b) to withhold documents on the basis of privilege;

    c) to apply to the Court for an order compelling production of documents;

    d) to apply for an order permitting disclosure of any CONFIDENTIAL MATERIAL.

All DOCUMENTS produced by any PARTY during the course of the ACTION shall be used solely in connection with the ACTION. The PARTIES agree that any DOCUMENT produced during the course of the ACTION shall not be used or disseminated for any other purpose, including but not limited to, pending or future litigation in any court.

IT IS SO ORDERED:

Dated: October 24, 2011

                                                    /s/
                                HON. JACQUELINE CHOOLJIAN
                                UNITED STATE MAGISTRATE JUDGE